USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Cat3, LLC, a New Jersey limited liability company,
SXH, LLC, a New Jersey limited liability company,
and Suchman, LLC, a New Jersey limited liability
company,

                  Plaintiffs,

    -against-

BLACK LINEAGE, INC., a California corporation,
and VAHE ESTEPANIAN a/k/a
FLETCH ESTEPANIAN,

                  Defendants.
------------------------------------------------------------X

Case No. 14 Civ. 5511 (AT)

AMENDED STIPIULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER

    WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery and settlement discussions in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Order including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order will adhere to the following terms, upon pain of contempt.

1.  No person subject to this Order may disclose "Discovery Material" (i.e. information of any kind produced or disclosed in the course of discovery or settlement discussions in this action) which a Party has designated as "Confidential" or "Confidential AEO" pursuant to this Order to anyone else except as this Order expressly permits.

2.  The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

>   (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
>
>   (b) previously non-disclosed material relating to ownership or control of any non-public company;
>
>   (c) previously non-disclosed business plans, product-development information, or marketing plans;
>
>   (d) any information of a personal or intimate nature regarding any individual; or
>
>   (e) any other category of information this Court subsequently affords confidential status.

3.  A Producing Party may designate as Confidential Attorneys' Eyes Only ("Confidential AEO") only the portion of Discovery Material that it reasonably and in good faith believes consists of highly sensitive and/or commercially competitive Discovery Material.

4.  A Producing Party or its counsel may designate the confidential portion of any Discovery Material other than deposition transcripts and exhibits as "Confidential" or Confidential

AEO by stamping or otherwise clearly marking as "Confidential" or "Confidential AEO" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential AEO Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential AEO information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential (or Confidential AEO) Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within this thirty (30) days after receiving a transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30) day period following the parties' receipt of transcripts of the deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential AEO some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential AEO.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy service providers and document management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement;

(g)     any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action and/or settlement of this action (through a potential business arrangement or otherwise), including but not limited to outside counsel, consultants, accountants and other financial professionals, provided such person has first executed a Non-Disclosure Agreement;

    (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (i)    this Court, including any appellate court, its support personnel, and court reporters.

9.    Where a Producing Party has designated Discovery Material as Confidential AEO, other persons subject to this Order may disclose such information only to the following persons:

    (a)    a Parties' in-house or inside legal counsel;

    (b)    counsel retained specifically for this action, including any paralegal;

    (c)    outside vendors or service providers (such as copy service providers and document management consultants) that counsel hire and assign to this matter;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement;

    (e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f)    any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action and/or settlement of this action (through a potential business arrangement or otherwise), including but not limited to outside counsel, consultants, accountants and other financial professionals, provided such person has first executed a Non-Disclosure Agreement;

    (g)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (h)    this Court, including any appellate court, its support personnel, and court reporters

10. Before disclosing any Confidential or Confidential AEO Discovery Material to any person referred to in subparagraphs 8(d), (f), or (g), or 9(d) or (f), counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential AEO and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. In filing Confidential or Confidential AEO Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Confidential AEO Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14. Recipients of Confidential or Confidential AEO Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and for the purpose of assessing settlement of this action, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will

affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential or Confidential AEO Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce it by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential or Confidential AEO pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within sixty (60) days of the final disposition of this action — including all appeals — all recipients of Confidential or Confidential AEO Discovery Material must either return the material — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the sixty (60) day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery or Confidential AEO Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential

Discovery or Confidential AEO Material. Any such archival copies that contain or constitute Confidential or Confidential AEO Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom the Confidential or Confidential AEO Discovery Material is produced or disclosed. The Parties acknowledge that any disclosure or exchange of Confidential or Confidential AEO Discovery Material that has occurred prior to the date of entry of this Order is subject to this Agreement.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: New York, New York
February 11, 2015

By: _____
Edward H. Rosenthal
Anna Kadyshevich
FRANKFURT KURNIT KLEIN & SELZ, PC
488 Madison Avenue
New York, New York 10022
Phone: (212) 980-0120
Fax:     (212) 593-9175
erosenthal@fkks.com
akadyshevich@fkks.com

*Attorneys for Plaintiff Cat3, LLC, SXH, LLC and Suchman, LLC*

By: _____
Richard Zaitlen
Edward Flanders
Matthew D. Stockwell
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York  10036
Phone: (212) 858-1000
edward.flanders@pillsburylaw.com
matthew.stockwell@pillsburylaw.com

Richard H. Zaitlen (pro hac vice)
Kelly W. Craven (pro hac vice)
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, California  90017-5406
Phone: (213) 488-7100
richard.zaitlen@pillsburylaw.com
kelly.craven@pillsburylaw.com

*Attorneys for Defendants*
*Black Lineage, Inc., and Vahe Estepanian a/k/a*
*Fletch Estepanian*


GRANTED. However, any party seeking to redact or file documents under seal must obtain prior Court approval in accordance with Paragraph IV.A of this Court's Individual Practices in Civil Cases.

SO ORDERED.

Dated: February 13, 2015
       New York, New York          _____
                                    ANALISA TORRES
                                    United States District Judge