UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -  x
Cat3, LLC, a New Jersey limited liability company, :
SXH, LLC, a New Jersey limited liability company, :
and Suchman, LLC, a New Jersey limited liability    :     14-CV-5511 (AT)(JF)
company,                                            :
                               Plaintiffs,        :     **MEMORANDUM OF LAW IN**
              - *against* -                  :     **SUPPORT OF PLAINTIFFS'**
                                        :     **SUPPLEMENTAL MOTION FOR**
BLACK LINEAGE, INC., a California corporation,     :     **LEAVE TO FILE SECOND**
and VAHE ESTEPANIAN a/k/a FLETCH                    :     **AMENDED COMPLAINT AND**
ESTEPANIAN,                                         :     **FOR MODIFICATION OF THE**
                            Defendants.       :     **SCHEDULING ORDER**
- - - - - - - - - - - - - - - - - - - - - - - - - - -  X

      Plaintiffs Cat3, LLC, SXH, LLC, and Suchman, LLC (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their supplemental motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for the entry of an Order granting Plaintiffs leave to file a second amended complaint and for modification of the Scheduling Order to accommodate the filing of an amended complaint and adjust any associated trial, pretrial and/or discovery deadlines..

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. BACKGROUND ................................................................................................................ 2

III. APPLICABLE LAW ........................................................................................................ 3

IV. ARGUMENT .................................................................................................................... 4

    A. The Proposed Amendments Are Timely and Sought in Good Faith................................ 4

    B. The Proposed Amendments Do Not Prejudice Defendants ............................................ 5

    C. The Proposed Amendments Are Not Futile .................................................................... 6

V. CONCLUSION................................................................................................................... 7

I.    **PRELIMINARY STATEMENT**

Plaintiffs' filed their original Motion for Leave to File Second Amended Complaint on July 30, 2015 seeking the addition of a cause of action based on a newly-registered trademark registration for "XHYPE." DE 44 ("Original Motion"). The defendants filed their opposition to the Original Motion on August 17, 2015. DE 52. Plaintiffs' reply to the defendants' opposition was filed today (August 27, 2015). DE 54.

Since filing Plaintiffs' Original Motion, the USPTO granted Plaintiffs an additional trademark registration for "SLAMXHYPE" that Plaintiffs now seek to also add to this action. Specifically, Plaintiffs seek leave to file an amended complaint to add a cause of action based on the federal trademark registration for "XHYPE" as described in Plaintiffs' Original Motion, and for the reasons set forth herein, to also add a cause of action based on Federal Trademark Registration No. 4,791,114 for "SLAMXHYPE" that just issued on August 11, 2015 ("SXH '114 Registration").  A true and correct copy of this trademark registration is attached as Exhibit A to the accompanying Declaration of Nicholas R. Lewis ("Lewis Dec.").

The proposed amended complaint (Lewis Dec., Exhibit B) easily satisfies the liberal standards for leave to amend, and will not result in any prejudice to any party if permitted. The amendments relate to precisely the same conduct by the defendants giving rise to all of the causes of action in Plaintiffs' previously filed complaint – namely, defendants' use of the FLASHXHYPE mark and website. A trial date has not been set for this matter, discovery has not yet been completed, and any additional discovery that may be warranted in light of Plaintiffs' proposed amended complaint should be minimal as it relates to the same core facts that have been at issue since Plaintiffs filed this lawsuit.

The motion to amend is also timely. As stated above, the SXH '114 Registration issued just days ago and accordingly, Plaintiffs could not have brought the proposed amended cause of action any sooner. Moreover, the trademark application that resulted in the SXH '114 Registration was described in Plaintiffs originally filed and first amended complaints. *See, e.g., DE 1 ¶23; DE 11 ¶23*.

Though the original complaint was filed a little over one year ago, it is settled law in this Circuit that, absent bad faith, the mere lapse of time between the filing of an original and amended complaint is not grounds for denying a motion to amend. There is no such bad faith here, nor can defendants' allege any such behavior.

In short, none of the factors that in some cases may justify denial of a motion to amend is present here, and accordingly, Plaintiffs should be permitted to file their second amended complaint. Moreover, the current Scheduling Order should be modified to accommodate the filing of an amended complaint and adjust any associated trial, pretrial and/or discovery deadlines.

## II.   BACKGROUND

Plaintiffs filed their original complaint ("Complaint") in this action on July 22, 2014. DE 1. The Complaint alleged both federal and New York state law causes of action based on Plaintiffs' ownership of rights in the trademark SLAMXHYPE and website www.SLAMXHYPE.com, and defendants' use of the mark FLASHXHYPE and the website www.FLASHXHYPE.com. *Id*. The defendants answered the Complaint on September 11, 2014. DE 7. Plaintiffs later sought leave to amend the Complaint and, with defendants' consent, filed their First Amended Complaint on October 8, 2014. DE 11. The reason that Plaintiffs' filed their First Amended Complaint was the very same reason that Plaintiffs now seek to file their second

amended complaint – the recent issuance of a federal trademark registration. Plaintiffs' First Amended Complaint added a cause of action for federal trademark infringement based on the USPTO's issuance of Registration No. 4,602,820 for SLAMXHYPE on September 9, 2014 – which occurred after Plaintiffs' filed their initial Complaint. *Id*. Plaintiffs now seek to add a single cause of action for federal trademark infringement based on another registration for SLAMXHYPE that also issued just a number of days ago.

Since Plaintiffs' filed their First Amended Complaint, the parties have had numerous settlement discussions and meetings, have exchanged discovery requests and responses, and have taken various depositions. Though discovery is almost complete, virtually all of the discovery taken to date bears directly on the additional proposed new cause of action based on the SXH '114 Registration.

### III.   APPLICABLE LAW

Under the Federal Rules of Civil Procedure, a party may amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. Fed. R. Civ. P. 15(a). Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. *Id*. Since this rule is interpreted liberally, an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*. 46 F.3d 230, 234 (2d Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It remains, however, within the discretion of the court whether to allow amendment. *Id*. *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). Reasons for a proper denial of leave to amend include undue delay, undue prejudice, bad faith, and futility of the amendment. *State Teachers Retirement Board v. Fluor Corp.*. 654 F.2d 843,

856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel. Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998). None of these factors is present here, and Plaintiffs' motion accordingly should be granted.

## IV.     ARGUMENT

### A.     *The Proposed Amendments Are Timely and Sought in Good Faith*

The SXH '114 Registration forming the basis for Plaintiffs' proposed second amended complaint issued just last week. Lewis Dec. ¶2, Ex. A. Plaintiffs could not have brought the proposed causes of action prior to the USPTO issuing the SXH '114 Registration, and thus have acted as expediently as possible.  Plaintiffs learned of the issuance of the '114 Registration for SLAMXHYPE on or about August 19, 2015, and undersigned counsel immediately contacted Defendants' counsel to seek their consent to amend the complaint to add the new registration. Lewis Dec. ¶4. Defendants' counsel responded on August 19, 2015 that adding the new registration was "most likely not a problem," but defendants reserved making a commitment until they reviewed the proposed amendments. *Id*. A copy of the proposed amended complaint was emailed to Defendants' counsel that same day with Plaintiffs' requesting that defendants indicate their consent or opposition so as to enable Plaintiffs' to timely file the appropriate notice or motion with the Court. *Id*. Defendants did not respond further until today (Thursday, August 27, 2015), less than 30 minutes *after* Plaintiffs filed their reply memorandum of law (DE 54) for Plaintiffs' original Motion seeking leave to amend.

Although Plaintiffs' First Amended Complaint was filed approximately eleven months ago, the lapse of time between the filing of an original and an amended pleading can never "provide a basis for a district court to deny the right to amend" unless the alleged delay is accompanied by "bad faith or undue prejudice." *Block v. First Blood Associates*, 988 F.2d

344,350 (2d Cir. 1993) (internal citations and quotations omitted); *see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, P.C., 246 F.R.D. 143, 149 (E.D.N.Y. 2007) (no prejudice from amendment after 2½ years where "the case is nowhere near resolution" and "significant discovery on the merits has yet to commence"); *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (three-year delay from the filing of the initial complaint was inadequate basis for denying a motion to amend). Defendants have no basis to allege any untimeliness, wrongdoing or bad faith by the Plaintiffs, and accordingly, Plaintiffs' motion should be granted.

B.      *The Proposed Amendments Do Not Prejudice Defendants*

Prejudice to the opposing party is "the most important factor" in determining whether leave to amend should be granted or denied. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). "The party opposing the motion for leave to amend carries the burden of demonstrating that it will be substantially prejudiced by the amendments." *State Farm*, 246 F.R.D. 143, 148 (E.D.N.Y. 2007); *see also Taberna Capital Mgmt., LLC v. Jaggi*, No. 08 CV 11355, 2010 WL 1424002 (S.D.N.Y. Apr. 9, 2010). "Although an amendment to the Complaint will more than likely subject a defendant to some additional burden, courts have held that such a burden does not constitute impermissible prejudice." *See Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989); *International Bank v. Price Waterhouse and Co.*, 85 F.R.D. 140,142 (1980); *Tomlinson v. St. Paul Reinsurance Management Corp.*, 1998 WL 65996, at *4 (S.D.N.Y. February 17, 1998).

In determining what constitutes prejudice, the Court considers whether the assertion of the new claim would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or

5

(3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Duncan v. College of New Rochelle*, 174 F.R.D. 48, 49 (S.D.N.Y. 1997).

Defendants cannot support or substantiate any claim that Plaintiffs are acting in bad faith. Moreover, Plaintiffs' proposed second amended complaint would require little – if any – additional discovery or the expenditure of additional significant resources.

First, Plaintiffs' proposed new cause of action arises directly from the facts alleged and claims asserted in the original complaint, and the trademark application that resulted in the SXH '114 Registration was described in Plaintiffs originally filed and first amended complaints. *See, e.g., DE 1 ¶23; DE 11 ¶23*. Accordingly, defendants have been on adequate notice of their actions and conduct giving rise to Plaintiffs' claims. All of the discovery exchanged to date continues to bear directly on all causes of action – both existing and as proposed.

Second, no trial date has been set, and the Court could modify the schedule to grant additional time for the parties to complete discovery, prepare for trial, and to minimize any perceived prejudice to the defendants.

The defendants simply cannot carry their burden to oppose Plaintiffs' request for leave to amend, and accordingly the Court should grant Plaintiffs' motion.

C.    ***The Proposed Amendments Are Not Futile***

The futility of an amendment is determined by whether the amendment could survive a motion to dismiss, construing the amendment in the light most favorable to the plaintiff. *See AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (noting futility is found when "the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."); *Beth Cline v. 1-888-Plumbing Group, Inc.*, 2000 WL 342689, *2 (S.D.N.Y. March 30, 2000). "The issue is not whether a plaintiff is likely to prevail

ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Gant v. Wallingford Bd. of Educ.*, 69 F.2d 669,673 (2d Cir. 1995) (internal quotations omitted); *Branham v. Meachum,* 77 FJd 626,628 (2d Cir. 1996).

Plaintiffs proposed second amended complaint includes a new, properly-plead cause of action based on a valid and duly-issued federal trademark registration. There is no basis whatsoever for defendants to claim that Plaintiffs' claims are futile.

## V.      CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion and enter an order  (1) granting Plaintiffs leave to file a second amended complaint; and (2) modifying the scheduling order to postpone all current discovery, pre-trial, and trial deadlines until the Court rules on Plaintiffs' Motion.

Dated:  August 27, 2015                                          Respectfully Submitted,

s/ Nicholas R. Lewis
Nicholas R. Lewis
nlewisesq@gmail.com
Florida Bar No. 16146
3873 NE 22nd Way
Lighthouse Point, Florida 33064
(954) 662-8664
*Attorney for Plaintiffs Cat3, LLC, SXH, LLC, and Suchman, LLC*