UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
CAT3, LLC, a New Jersey limited    :    14 Civ. 5511 (AT) (JCF)
liability company, SXH, a New      :
Jersey limited liability company,  :         MEMORANDUM
and SUCHMAN, LLC, a New Jersey     :         AND  ORDER
limited liability company,         :
                                   :
              Plaintiffs,          :
                                   :
     - against -                   :
                                   :
BLACK LINEAGE, INC., a California   :
Corporation, and VAHE ESTEPANIAN   :
a/k/a FLETCH ESTEPANIAN,           :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     This is an action alleging trademark infringement, false
designation of origin, unfair competition, and cybersquatting under
the Lanham Trademark Act of 1946 ("the Lanham Act"), 15 U.S.C.
§§ 1114(1), 1125(a), and 1125(d), as well as other claims under New
York statutory and common law.  The plaintiffs assert rights in the
trademark "SLAMXHYPE" and the domain name www.SLAMXHYPE.com, which
they use in connection with the sale of clothing and the operation
of a website and online magazine.  The plaintiffs contend that the
defendants' use of the trademark FLASHXHYPE and the domain name
www.FLASHXHYPE.com interferes with their trademark rights.  The
plaintiffs now move pursuant to Rule 15(a) of the Federal Rules of
Civil Procedure for leave to file a second amended complaint and

for modification of the discovery schedule.  For the reasons that follow, the plaintiffs' motion is granted.

<u>Background</u>

The plaintiffs, Cat3, LLC ("Cat3"), SXH, LLC ("SXH"), and Suchman, LLC ("Suchman"), are affiliated companies. (First Amended Complaint ("1st Am. Compl."), ¶ 17).  The plaintiffs allege that in June 2013, they acquired the trademark SLAMXHYPE, the domain name www.SLAMXHYPE.com, and all associated rights.  (1st Am. Compl., ¶¶ 21-22).  The defendants Black Lineage, Inc. ("Black Lineage") and its owner, Vahe (a/k/a "Fletch") Estepanian, began in November 2013 to operate a website using the domain name www.FLASHXHYPE.com. (1st Am. Compl., ¶ 36).  The plaintiffs claims against the defendants stem from the operation of the FLASHXHYPE website and the use of the FLASHXHYPE trademark.

The plaintiffs filed this action on July 22, 2014, asserting four claims: (1) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (2) unfair competition in violation of New York common law; (3) dilution in violation of New York General Business Law § 360-1; and (4) cybersquatting in violation of 15 U.S.C. § 1125(d).  Subsequently, and with the consent of the defendants, the plaintiffs filed the First Amended Complaint, adding an additional claim for trademark infringement under 15 U.S.C. § 1114(1).  (1st Am. Compl., ¶¶ 49-55; Memorandum

Endorsement dated Sept. 23, 2014 ("9/23/14 Order") at 2).

In their initial complaint, the plaintiffs alleged that Cat3 filed two trademark applications for the SLAMXHYPE mark in June 2013 and that the U.S. Patent and Trademark Office ("USPTO") issued notices of allowance for each application. (Complaint, ¶¶ 23-24). On September 9, 2014, the USPTO registered the SLAMXHYPE trademark based on the latter of the two applications.[1] (SLAMXHYPE, Registration No. 4,602,820, attached as Exh. B to 1st Am. Compl.; 1st Am. Compl., ¶ 25). The registration of that trademark prompted the plaintiffs, who had based their initial claims under the Lanham Act on common law rights in the SLAMXHYPE trademark, to add the claim for infringement of the now registered SLAMXHYPE mark. (9/23/14 Order at 2).

On October 24, 2014, the Honorable Analisa Torres, U.S.D.J., entered a scheduling order that set a thirty-day deadline for the filing of any motions to amend. (Civil Case Management Plan and Scheduling Order dated Oct. 24, 2014, ¶ 3). Several months later,

---

[1] The plaintiffs have indicated in a supplemental motion to amend that the USPTO has now also registered their trademark in connection with the first of the two applications it filed for the SLAMXHYPE mark. (SLAMXHYPE, Registration No. 4,791,114, attached as Exh. A to Declaration of Nicholas R. Lewis dated Aug. 27, 2015 ("2d Lewis Decl.")). Based on this registration, the plaintiffs have asked for leave to include another infringement claim in connection with this most recent trademark registration. I address the plaintiffs' supplemental motion below.

at the request of the parties, Judge Torres entered an amended scheduling order that extended the discovery deadlines while also stating that amended pleadings could not be filed except with leave of the court. The amended order did not, however, set a new deadline for filing such amendments. (Amended Civil Case Management Plan and Scheduling Order dated May 26, 2015 ("Am. Scheduling Order"), ¶¶ 3, 5, 7).

The plaintiffs indicate that their amended complaint "add[s] a single cause of action for federal trademark infringement based on a registration for XHYPE that issued just days" before they filed this motion. (Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and for Modification of the Scheduling Order ("Pl. Memo.") at 2). Indeed, their proposed second amended complaint states that on July 21, 2015 (nine days before the plaintiffs filed this motion), the USPTO registered a separate trademark for the mark "XHYPE." (Proposed Second Amended Complaint ("Proposed 2nd Am. Compl."), attached as Exh. B to Declaration of Nicholas R. Lewis dated July 29, 2015 ("1st Lewis Decl."), ¶ 31; XHYPE, Registration No. 4,778,763, attached as Exh. A to 1st Lewis Decl.). The plaintiffs state that, as with the filing of the first amended complaint, the recent registration of the XHYPE trademark prompted them to seek leave to amend their complaint for the second time. (Pl. Memo. at 2).

4

The defendants oppose the plaintiffs' motion, arguing that the plaintiffs have not shown good cause under Rule 16 of the Federal Rules of Civil Procedure for abrogating the scheduling order, and that the proposed amendment has been unduly delayed, would be prejudicial, and is made in bad faith. (Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint and for Modification of the Scheduling Order ("Def. Memo."), at 5-11). The defendants also demand attorneys' fees and costs associated with the additional discovery that will be required if the plaintiffs' motion is granted. (Def. Memo. at 11).

Discussion

A. Legal Standard

A motion to amend the pleadings is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Oneida Indian Nation of New York v. City of Sherill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005). Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend," John Hancock Mutual Life Insurance Co. v. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994), and for the proper reasons, a court may deny permission to amend. See Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88

(2d Cir. 1998).  In discussing the exercise of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

However, "if the motion [to amend] is filed after the deadline imposed by the district court in its scheduling order," the plaintiff must also show "good cause" for modifying the scheduling order.[2]  Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013)

---

[2] The defendants argue that the plaintiffs' present motion to amend requires abrogating the scheduling order entered by Judge Torres on May 26, 2015, and, as such, is subject to the more stringent Rule 16(b) standard.  While I agree with the defendants on this point, the issue is debatable.  The entire relevant portion of the May 26 scheduling order reads as follows: "Amended pleadings may not be filed and additional parties may not be joined except with leave of the court." (Am. Scheduling Order, ¶ 3).  A literal reading of the May 26 order suggests that the plaintiffs' motion to amend is consistent with the amended order.  Nevertheless, in light of the thirty-day deadline established in the initial scheduling order, and the fact that nothing in the record suggests that Judge Torres intended to abolish that original deadline by omission, I reject that reading.  See Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to . . . amend the pleadings . . . ." (emphasis added)).  The deadline for seeking leave to file amendments passed in November 2014.  Accordingly, the plaintiffs' motion must satisfy the Rule 16(b) standard.

(citing <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 339 (2d Cir. 2000), and Fed. R. Civ. P. 16(b)(4)); <u>see</u> <u>also</u> <u>Wheeler v. Citibank</u>, No. 11 Civ. 4721, 2012 WL 1995148, at *5 (S.D.N.Y. June 1, 2012) ("After the moving party demonstrates [good cause] under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper.").

In order to show good cause, the moving party must demonstrate that, "despite having exercised diligence" in its efforts to adhere to the court's scheduling order, "the applicable deadline [to amend] could not reasonably have been met." <u>Huber v. National Railroad Passenger Corp.</u>, No. 10 Civ. 9348, 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012) (citing <u>Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.</u>, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Furthermore, while inquiry into the moving party's diligence is the "primary consideration," it is not the only consideration; "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading . . . will prejudice defendants." <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d. Cir. 2007). The party moving to amend bears the burden of providing "a satisfactory explanation" for any delay. <u>Baez v. Delta Airlines, Inc.</u>, No. 12 Civ. 3672, 2013 WL 5272935, at *5 (S.D.N.Y. Sept. 18, 2013).

B.  <u>Application</u>

1.  <u>Rule 16(b)</u>

The defendants argue that the plaintiffs were not diligent in seeking leave to amend their complaint.  More specifically, the defendants argue that the plaintiffs had knowledge of the facts underlying the proposed second amended complaint prior to the deadline for amendments set in the scheduling order, and therefore should have sought leave to amend within the prescribed time frame. (Def. Memo. at 4-5).  To put it somewhat differently, the defendants argue that, because the plaintiffs <u>could</u> have alleged <u>some</u> claim related to the XHYPE mark prior its registration, they should now be prevented from bringing <u>any</u> claim related to the XHYPE mark in the present action.

The defendants' arguments are unavailing, as they cite no authority that supports their position.  Put simply, the plaintiffs could not have alleged the particular claim they now seek to add prior to the registration of the XHYPE mark.  The new claim in the proposed complaint alleges infringement of the XHYPE mark in violation of 15 U.S.C. § 1114(1), which provides a cause of action for infringement of a "registered mark."  15 U.S.C. § 1114(1); <u>see also</u> <u>1-800 Contacts, Inc. v. WhenU.Com, Inc.</u>, 414 F.3d 400, 406 (2d Cir. 2005) (identifying distinct statutory causes of action for infringement of registered and unregistered trademarks under 15

8

U.S.C. §§ 1114 and 1125, respectively).  As such, until the XHYPE mark was registered on July 21, 2015, the plaintiffs could not have pled a non-frivolous claim under § 1114(1).  The plaintiffs' inability to bring the new claim prior to the registration of the XHYPE mark, combined with their prompt request to amend the complaint upon learning of the registration, is sufficient to show their diligence in seeking leave to amend.  See Lincoln v. Potter, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006) (finding good cause requirement satisfied where events giving rise to retaliation claim occurred after the deadline for amendments in the scheduling order); cf. Robinson v. Town of Colonie, No. 91 CV 1455, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (finding good cause requirement satisfied where reason to amend was discovered after scheduling order's deadline).

The defendants next argue that allowing the plaintiffs to amend their complaint -- and thereby modify the scheduling order -- will result in prejudice to the defendants.  In particular, the defendants argue that the discovery conducted in the case thus far has focused exclusively on the SLAMXHYPE mark, and that adding an additional infringement claim based on the XHYPE mark will "necessarily involve a protracted investigation," forcing the defendants to incur additional costs and delaying resolution of the

case.[3]  (Def. Memo. at 6-7).

A motion to amend may be denied if it would result in <u>undue</u> prejudice.  See <u>A.V. by Versace, Inc. v. Gianni Versace S.p.A.</u>, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000); <u>see also</u> <u>Oneida Indian Nation of New York State v. County of Oneida</u>, 199 F.R.D. 61, 77 (N.D.N.Y. 2000) (noting that where moving party provides explanation for delayed amendment, opposing party must make "greater showing" of prejudice).  In deciding whether such prejudice exists, courts should consider whether the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  <u>Monahan v. New</u>

---

[3] The defendants also argue the plaintiffs have proposed certain amendments regarding the dates their trademarks were first in use that will prejudice the defendants because their discovery efforts have thus far focused on the dates in the First Amended Complaint.  (Def. Memo. at 6).  The defendants specifically draw attention to amendments in paragraph twenty-five of the proposed complaint, where the plaintiffs seek to strike the phrase "as confirmed by this registration" from the final sentence in order to allege that the SLAMXHYPE trademark was first used in commerce in 2003, rather than 2013.  (Proposed 2nd Am. Compl., ¶ 25).  It is difficult to credit the defendants' argument that these amendments will significantly alter the scope of discovery.  Throughout the First Amended Complaint, the plaintiffs alleged that the SLAMXHYPE mark was in use "at least as early as 2005."  (<u>E.g.</u>, 1st Am. Compl., ¶¶ 13-14, 50, 57, 64).  These allegations would seem sufficient to have prompted the defendants to focus their discovery efforts on the earliest uses of the plaintiffs' mark.

York City Department of Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993)).  Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to determining whether undue prejudice will result.  See Monahan, 214 F.3d at 284.  The defendants bear the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Oneida Indian Nation, 199 F.R.D. at 77; see also ResQNet.com v. Lansa, Inc., 382 F. Supp. 2d 424, 449 (S.D.N.Y. 2005), rev'd on other grounds, 594 F.3d 860 (Fed. Cir. 2010).

The prejudice the defendants claim will result from allowing the plaintiffs to amend their complaint is not so substantial as to warrant denying the plaintiffs leave to amend.  The plaintiffs filed their motion before the close of discovery.  See Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed.").  The possibility "that an amendment will require the expenditure of additional time, effort, or money [does] not constitute 'undue prejudice.'" A.V. by Versace, 87 F. Supp. 2d at 299 (quoting Block, 908 F.2d at 351).  Although the plaintiffs filed the present motion close to the end of discovery, other courts have granted leave to amend after lengthier delays.  See

11

<u>Margel v. E.G.L. Gem Lab Ltd.</u>, No. 04 Civ. 1514, 2010 WL 445192, at
*11 (S.D.N.Y. Feb. 8, 2010) (collecting cases); <u>see also</u> <u>JPMorgan
Chase Bank, N.A. v. IDW Group, LLC</u>, No. 08 Civ. 9116, 2009 WL
1357946, at *5 (S.D.N.Y. May 12, 2009) (citing lack of pending
dispositive motions or trial date as factors favoring grant of
leave to amend). The defendants' claims that allowing the proposed
amendments will prolong both the discovery process and the
resolution of this matter, while certainly true to some extent, are
insufficient to establish undue prejudice.[4] Furthermore, the
plaintiffs' proposed infringement claim arises from the same set of
facts that the plaintiffs pled in their first amended complaint.
In determining whether an amendment will prejudice the opposing
party, courts consider "whether the claim arises from the same
transaction as claims in the original pleading." <u>See</u> <u>Margel</u>, No.
04 Civ. 1514, 2010 WL 445192, at *11; <u>see also</u> <u>Michalek v. Amplify
Sports and Entertainment LLC</u>, No. 11 Civ. 508, 2012 WL 2357414, at
*5 (S.D.N.Y. June 20, 2012) ("[W]here the proposed amendment arises
from the same set of operative facts as the original claims . . .
the mere fact that discovery has concluded does not provide a

---

[4] The additional burden on the defendants occasioned by the
plaintiffs' amendments must also be considered in light of the
alternative of having the plaintiffs file a separate lawsuit to
pursue their additional infringement claim. <u>See</u> <u>Fresh Del Monte
Produce, Inc. v. Del Monte Foods, Inc.</u>, 304 F.R.D. 170, 177
(S.D.N.Y. 2014).

reason for denying leave to amend." (quoting <u>Kreinik v. Showbran Photo, Inc.</u>, No. 02 Civ. 1172, 2003 WL 22339268, at *10 (S.D.N.Y. Oct. 14, 2003))).

The plaintiffs' diligence in moving to amend the complaint upon learning of the registration of the XHYPE mark, combined with the absence of undue prejudice towards the defendants, is sufficient to satisfy the good cause standard. Accordingly, I will proceed to the analysis under Rule 15.

    2. <u>Rule 15(a)</u>

"The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" <u>Aetna Casualty and Surety Co. v. Aniero Concrete Co.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005) (quoting <u>Richardson Greenshields Securities, Inc. v. Lau</u>, 825 F. 2d 647, 653 n.6 (2d Cir. 1987)).   The defendants here focus their arguments on the issues of undue delay and bad faith.

Regarding undue delay, the defendants essentially restate their previous argument that the plaintiffs were aware of the facts underlying the proposed second amended complaint when they filed their initial complaint. (Def. Memo. at 8-9). However, in those cases where courts have found a party to have unduly delayed seeking leave to amend, the proposed amendments consist of

13

allegations that could have been pled sooner.  See Parker, 204 F.3d at 341 (2d. Cir. 2000) (affirming denial of leave to amend because "[w]hen [the plaintiff] commenced this action [ ] [the plaintiff] had all the information necessary to support [the proposed additional claim], and nothing he learned in discovery or otherwise altered that fact"); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 201 (2d Cir. 2007) (upholding denial of leave to amend where party had knowledge of relevant facts seven months before seeking amendment); Benefitvision Inc. v. Gentiva Health Services, Inc., No. 09 CV 473, 2015 WL 1034543, at *13-14 (E.D.N.Y. Feb. 9, 2015) (finding unreasonable delay in seeking to amend to include allegations that party had knowledge of at least three years earlier); Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 458-59 & n.4 (S.D.N.Y. 2012) (finding undue delay where party had knowledge of relevant facts approximately ten months before seeking amendment).  Had the plaintiffs sought in their present motion to include a cause of action related to the XHYPE mark that did not turn on the recent registration of their trademark, the defendants' arguments might indeed have merit.  But whether or not the plaintiffs knew of the XHYPE mark when they filed their complaint, and whether or not the plaintiffs could have pled a cause of action related to the XHYPE mark when they filed their complaint, the fact remains that the plaintiffs could hardly

14

have alleged the precise infringement claim contained in the
proposed amended complaint any sooner.  Accordingly, the plaintiffs
have not unduly delayed seeking leave to file their second amended
complaint.

The defendants' arguments regarding the plaintiffs' bad faith
and dilatory motive in bringing the present motion lack substance.
In conclusory fashion, the defendants assert that the plaintiffs
"desire to keep Defendants tied up in [ ] costly litigation as long
as possible" and describe the plaintiffs' actions as "the very
definition of bad faith."  (Def. Memo. at 10-11).  I cannot,
however, find any support for these conclusions.  See Randolph
Foundation v. Duncan, No. 00 Civ. 1172, 2002 WL 32862, at *3
(S.D.N.Y. Jan. 11, 2002) ("[T]he fact that a party may have had
evidence to support a proposed amendment earlier in the litigation
does not, by itself, give rise to an inference of bad faith.");
Primetime 24 Joint Venture v. DirecTV, Inc., No. 99 Civ. 3307, 2000
WL 426396, at *5 (S.D.N.Y. April 20, 2000) ("[W]hen the opponent of
an amendment asserts that the movant is acting in bad faith, there
must be something more than mere delay or inadvertence for the
court to refuse to allow the amendment.").  The defendants have
made no showing that the plaintiffs acted in bad faith or with a
dilatory motive in bringing the present motion.

15

3. <u>The Defendants' Costs</u>

Under Rule 15, courts have authority, in appropriate circumstances, to impose conditions on amendment to minimize any prejudice to the opposing party. See <u>Polycast Technology Corp. v. Uniroyal, Inc.</u>, 728 F. Supp. 926, 939 (S.D.N.Y. 1989). "The most common condition imposed on an amending party is costs." <u>Id.</u> The defendants assert that, due to the plaintiffs' amendments, they will incur "unnecessary and duplicative costs in re-opening discovery," and demand that the plaintiffs pay any such costs.(Def. Memo. at 11). No such condition is necessary.

As explained above, the plaintiffs sought leave to add the new infringement claim within weeks of the registration of the XHYPE mark. The cases the defendants cite in support of their demand for fees involve circumstances where the amending party's <u>delay</u> created the need for additional discovery. See <u>PNC Bank, National Association v. Wolters Kluwer Financial Services, Inc.</u>, 73 F. Supp. 3d 358, 375-77 (S.D.N.Y. 2014) (shifting fifty percent of discovery costs where party sought leave to amend during summary judgement briefing to include damages claims that it repeatedly declined to pursue during discovery); <u>Polycast Technology Corp.</u>, 728 F. Supp. at 943-44 (shifting discovery costs where party was found to have delayed almost two years in seeking relevant amendment); <u>see also</u> <u>Hewlett-Packard Co. v. Factory Mutual Insurance Co.</u>, No. 04 Civ.

16

2791, 2006 WL 1788946, at *17 (shifting discovery costs where there was "substantial delay" in seeking leave to amend).  Given the lack of delay or bad faith on the plaintiffs' part, the shifting of discovery costs is not an appropriate condition at this time.

### 4. Plaintiffs' Supplemental Motion to Amend

After filing their reply brief on the present motion, the plaintiffs filed a supplemental motion seeking to include additional amendments to the proposed amended complaint.  The basis for the additional amendments is the fact that, on August 11, 2015, the USPTO registered another trademark for SLAMXHYPE.  (Memorandum of Law in Support of Plaintiffs' Supplemental Motion for Leave to File Second Amended Complaint and for Modification of the Scheduling Order ("Pl. Supp. Memo.") at 1).  The plaintiffs accordingly seek to add another count to the proposed amended complaint alleging infringement of the newly registered SLAMXHYPE mark under 15 U.S.C. § 1114(1).  (Proposed Second Amended Complaint, attached as Exh. B to 2d Lewis Decl., ¶¶ 58-64).

The defendants oppose the plaintiffs' supplemental motion but do not oppose the additional amendments proposed therein.  Rather, the defendants object to the supplemental motion only insofar as it also includes the amendments proposed in the plaintiffs' initial motion to amend.  (Defendants' Opposition to Plaintiffs' Supplemental Motion for Leave to File Second Amended Complaint and

17

for Modification of the Scheduling Order at 1-2). Accordingly, the defendants' opposition to the supplemental motion repeats arguments that are substantially the same as those already addressed above. The legal issues raised by the plaintiffs' supplemental motion are identical to those raised in their initial motion for leave to file the second amended complaint. Therefore, no separate analysis is required, and the plaintiffs' supplemental motion is granted for the reasons previously articulated.

Conclusion

For the reasons discussed above, the plaintiffs' motions for leave to file the Second Amended Complaint (Docket Nos. 44 and 56) are granted. The plaintiffs shall file the Second Amended Complaint within seven days of the date of this order. The parties shall confer and submit to the Court within fourteen days of the date of this order a proposed amended discovery schedule reflecting any additional discovery necessitated by the filing of the Second Amended Complaint.

SO ORDERED.

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

18

Dated:     New York, New York
           September 21, 2015

Copies transmitted this date:

Gregg Donnenfeld, Esq.
501 Tenth Ave., Floor 7
New York, NY 10018

Nicholas R. Lewis, Esq.
3873 N.E. 22nd Way
Lighthouse Point, FL 33064

Edward Flanders, Esq.
Matthew D. Stockwell, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, NY 10036

Richard H. Zaitlen, Esq.
Jennifer Seigle, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
725 S. Figueroa St., Suite 2800
Los Angeles, CA 99017-5406